*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand eighteen.

Present:
ROBERT A. KATZMANN,
*Chief Judge*,
JOHN M. WALKER, JR.,
*Circuit Judge*,
VICTOR A. BOLDEN,
*District Judge*.[*]

_____

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                              No. 16-4177

ANGELO RODRIGUEZ,

    *Defendant-Appellant*,

MIGUEL DEASIS, HECTOR GAMEZ PARRA,

    *Defendants*.

_____

[*] Judge Victor A. Bolden of the United States District Court for the District of Connecticut, sitting by designation.

1

For Appellant:                                    DEVIN MCLAUGHLIN, Langrock Sperry & Wool, LLP, Middlebury, VT.

For Appellee:                                      ROBERT T. POLEMENI, Assistant United States Attorney (Susan Corkery, Julia Nestor, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.

Defendant-appellant Angelo Rodriguez appeals from a judgment of the district court (Townes, *J.*) entered on December 13, 2016 following his conviction at trial for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii); conspiracy to launder money, in violation of 18 U.S.C. § 1956(h); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Rodriguez challenges the district court's admission of testimony by a witness and the sufficiency of the evidence supporting his convictions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

On November 14, 2012, Rodriguez was stopped by police while he and another man were on their way to deliver $300,000 in cash to an undercover agent. Police then searched a house located at 249 Concord Road in Yonkers, where Rodriguez and the man had picked up the cash, and in the basement of the house they found 40 kilograms of cocaine and a handgun. Rodriguez was indicted for participating in a conspiracy to distribute cocaine between September 1, 2012 and

2

November 14, 2012, as well as a conspiracy to commit money laundering and possession of the firearm found in the basement during the search. At trial, the Government introduced testimony from M.O., a cooperating witness who was not charged in the conspiracy, over Rodriguez's objections. A jury found Rodriguez guilty of all counts.

In his evidentiary challenge, Rodriguez argues that testimony by M.O. regarding other drug transactions by Rodriguez that were not specifically charged in the indictment amounted to evidence of other bad acts and therefore inadmissible character evidence under Federal Rule of Evidence 404(b). *See* Fed. R. Evid. 404(b)(1) ("Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."). We review the district court's evidentiary rulings for abuse of discretion, "reversing only if we find manifest error." *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (internal quotation marks omitted).

Rodriguez contends that the district court abused its discretion in admitting M.O.'s testimony that Rodriguez sold him three kilograms of cocaine on consignment in October 2012 (the "October 2012 sale") as direct evidence of the charged conspiracy. We disagree. "When the indictment contains a conspiracy charge, uncharged acts may be admissible as direct evidence of the conspiracy itself[,] . . . as long as they are within the scope of the conspiracy," because "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy is not an 'other' act within the meaning of Rule 404(b); rather, it is part of the very act charged." *United States v. Thai*, 29 F.3d 785, 812 (2d Cir. 1994) (internal quotation marks and citations omitted). Rodriguez argues that the October 2012 sale had nothing to do with the charged conspiracy because, although the sale occurred during the time period of the conspiracy, M.O. was not charged as a co-conspirator and had no connection to the conspiracy. M.O.'s testimony about the sale indicated that, in October

3

2012, Rodriguez possessed at least 30 kilograms of cocaine, some of which were wrapped in red packaging, which M.O. noted was unusual. Given that a similar quantity of cocaine featuring some similar packaging was found on November 14, 2012 at 249 Concord Road, a jury could infer that the cocaine observed by M.O. in Rodriguez's possession during the October 2012 sale was the same cocaine that was later stored at 249 Concord Road, and therefore that Rodriguez's earlier distribution of some of that cocaine to M.O. was conducted in furtherance of the charged cocaine distribution conspiracy. Accordingly, the October 2012 sale could properly be considered "[a]n act that is alleged to have been done in furtherance of the alleged conspiracy." *Id.*

Moreover, "evidence of uncharged criminal activity is not considered other crimes evidence under Fed. R. Evid. 404(b) if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir. 2000) (quoting *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)). The Government's theory at trial was that, beginning on November 1, 2012, Rodriguez worked to set up the house at 249 Concord Road as a stash house for the cocaine that police found there on November 14, 2012. Testimony about the October 2012 sale, which allows the inference that Rodriguez previously possessed the cocaine that was found in the basement of 249 Concord Road, fills in a narrative of where the cocaine found at 249 Concord Road came from, why Rodriguez took actions to set up 249 Concord Road as a stash house, and how Rodriguez came to know of the drugs in the basement. *See Gonzales*, 110 F.3d at 942 (approving the admission of evidence of uncharged conduct "to provide crucial background evidence that gave coherence to the basic sequence of events" surrounding the charged crime); *see also United States v. Robinson*, 702 F.3d 22, 36–38 (2d Cir. 2012) (holding that, in a trial for child sex trafficking based on the

4

defendant's trafficking of one particular minor, the defendant's discussion of his control of other prostitutes was "necessary to complete the story of the crime on trial" because the defendant "argued at trial that [the minor] was his 'girlfriend' and that he had no control over her prostitution activities").

Accordingly, we conclude that admitting M.O.'s testimony regarding the October 2012 sale was not an abuse of discretion. Given this conclusion, Rodriguez's challenge to the admission of M.O.'s testimony regarding drug transactions before the October 2012 sale necessarily fails as well, since Rodriguez merely argues that such testimony should have been excluded if testimony about the October 2012 sale had not been admitted.

Rodriguez also challenges the sufficiency of the evidence supporting each count for which he was convicted. We review a challenge to the sufficiency of evidence *de novo*. *United States v. Coplan*, 703 F.3d 46, 62 (2d Cir. 2012). "On such a challenge, we view the evidence in the light most favorable to the government, drawing all inferences in the government's favor and deferring to the jury's assessments of the witnesses' credibility," and "[w]e will sustain the jury's verdict so long as *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Hawkins*, 547 F.3d 66, 70 (2d Cir. 2008) (internal quotation marks omitted). "Our evaluation looks at the evidence in its totality, and the Government need not negate every theory of innocence." *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008).

Regarding his conviction for conspiracy to distribute cocaine, Rodriguez contends that Government offered insufficient evidence to prove that he knowingly participated in the charged conspiracy. "To sustain a conspiracy conviction, the government must present some evidence from which it can reasonably be inferred that the person charged with conspiracy knew of the existence of the scheme alleged in the indictment and knowingly joined and participated in it." *United States*

5

*v. Rodriguez*, 392 F.3d 539, 545 (2d Cir. 2004) (internal quotation marks omitted). Specifically with regard to drug conspiracies, the Government must prove "that the defendant knew that the conspiracy involved a controlled substance." *United States v. Torres*, 604 F.3d 58, 66 (2d Cir. 2010).

We conclude that a reasonable jury could have found that Rodriguez knowingly participated in the charged cocaine distribution conspiracy. As noted above, M.O.'s testimony indicated that, in October 2012, Rodriguez possessed at least 30 kilograms of cocaine, some of which featured red wrapping. Other evidence adduced at trial, viewed in the light most favorable to the Government, showed that Rodriguez was in frequent contact with the lessee of 249 Concord Road before and shortly after November 1, 2012, the date the lease began; that his phone number was provided as an alternate number at which the lessor could reach the lessee; that he ordered Verizon service for 249 Concord Road in his name on November 6, 2012; that his phone number was listed as the alternate number on a water turn-on request dated November 13, 2012; and that he ordered and paid for $2409 worth of furniture on November 1, 2012 and took delivery of that furniture at 249 Concord Road on November 3, 2012. In addition, Rodriguez was inside 249 Concord Road with his two alleged co-conspirators for at least 40 minutes on November 14, 2012 before exiting the house carrying a box that resembled the box that had been dropped off earlier to the undercover agent. Later that same day, police found 40 kilograms of cocaine, some of which were wrapped in red packaging, in the basement of 249 Concord Road. From that evidence, considered "in its totality," *Lorenzo*, 534 F.3d at 159, a reasonable jury could infer that Rodriguez possessed a significant quantity of cocaine, set up 249 Concord Road as a stash house to store that cocaine, and then brought the cocaine there so that it could be stored and distributed. Accordingly,

6

we find there to be sufficient evidence of Rodriguez's knowing participation in the charged cocaine conspiracy, and we affirm his conviction for conspiracy under 21 U.S.C. § 846.[1]

In contrast, we conclude that the evidence at trial was insufficient to sustain Rodriguez's conviction under 18 U.S.C. § 1956(a)(1)(B)(i). Section 1956(a)(1)(B)(i) "prohibits certain financial transactions—including the transfer or delivery of cash—involving the proceeds of certain unlawful activities when the defendant knows 'that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity.'" *United States v. Garcia*, 587 F.3d 509, 515–16 (2d Cir. 2009) (ellipsis in original) (quoting 18 U.S.C. § 1956(a)(1)(B)(i)). A conviction under this provision "requires proof that the purpose or intended aim of the transaction was to conceal or disguise a specified attribute of the funds." *United States v. Huezo*, 546 F.3d 174, 179 (2d Cir. 2008). The fact that a "transaction was effected covertly in an effort to conceal the transaction from the authorities" does not, on its own, entail "that the transaction itself was an effort to conceal anything about the money." *Garcia*, 587 F.3d at 519.

The record before us is devoid of evidence proving that Rodriguez's attempted delivery of cash to the undercover agent was designed to conceal a specified attribute of the funds he carried. The Government identifies three pieces of evidence that, it contends, permit an inference that the transaction in question had such a purpose: (1) that Rodriguez's co-conspirator told the agent that he was being directed to deliver drug money to the agent in installments of particular sizes; (2) that Rodriguez and another alleged co-conspirator together delivered or attempted to deliver

---

[1]  Because Rodriguez's challenge to his conviction for possession of a firearm in furtherance of a drug trafficking crime is based entirely on the premise that he was not liable for any underlying drug crime, we reject that challenge and affirm his conviction under 18 U.S.C. § 924(c).

$450,000 in cash packaged in vacuum-sealed plastic wrap; and (3) that a vacuum-sealing machine and plastic wrap were found at 249 Concord Road. However, that evidence does not prove that the purpose of the delivery of cash to the agent was to conceal an attribute of the funds; rather, it is equally consistent with the purpose of paying off a drug supplier or purchasing additional drugs, which aims do not entail the intent to conceal required by § 1956(a)(1)(B)(i). *See Garcia*, 587 F.3d at 518 (explaining that "the mere fact of transporting large amounts of cash" in order to pay for drugs "does not provide a basis to find a *purpose* to conceal").

For the same reason, we are unconvinced by the Government's argument that the secretive transportation of the cash away from 249 Concord Road, where the 40 kilograms of cocaine were stored, permits an inference that the transaction with the agent was designed to disguise the fact that the source of the cash was drug sales. *See Cuellar v. United States*, 553 U.S. 550, 564–65 (2008) (rejecting a construction of the money laundering statute that "would apply whenever a person transported illicit funds in a secretive manner"). The Government also argues in passing that the transaction with the agent was intended to conceal the ownership of the funds, but it has put forth no evidence substantiating this assertion beyond the mere fact of the transaction, which cannot satisfy § 1956(a)(1)(B)(i)'s requirement of a purpose to conceal. *See Garcia*, 587 F.3d at 519 (holding that the evidence was insufficient to sustain a conviction under § 1956(a)(1)(B)(i) because "it evince[d] only how the money was moved, and d[id] not speak to why it was moved"). Accordingly, we find the evidence insufficient to sustain Rodriguez's conviction for conspiracy to launder money, and we therefore reverse that conviction.

For the foregoing reasons, the judgment of the district court is **AFFIRMED** as to Rodriguez's convictions for conspiracy to distribute and possess with intent to cocaine and for possession of a firearm in furtherance of a drug trafficking crime, and **REVERSED** as to his

8

conviction for conspiracy to launder money. The matter is **REMANDED** for entry of a judgment of acquittal on the count of conspiracy to launder money, and to allow the district court judge to consider whether resentencing is appropriate in light of this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk